UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
LILY ANDREINA SOSA MARQUEZ, individually and on
behalf of all others similarly situated,

                                                Plaintiff,        **COLLECTIVE ACTION COMPLAINT**

        -against-

ROSEBOX LLC d/b/a ROSE BOX NYC, DANA DADUSH
and INBAL BAR HORNIK, as individuals,        **JURY TRIAL REQUESTED**

                                            Defendants.
------------------------------------------------------------------------X

Plaintiff **LILY ANDREINA SOSA MARQUEZ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, bring this action against **ROSEBOX LLC d/b/a ROSE BOX NYC, DANA DADUSH and INBAL BAR HORNIK, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 186 Franklin Street, New York, NY 10013.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff LILY ANDREINA SOSA MARQUEZ residing at Sunrise, FL 33323 was employed by ROSEBOX LLC d/b/a ROSE BOX NYC, from in or around October 2021 until in or around August 2022.

8. Upon information and belief, Defendant ROSEBOX LLC d/b/a ROSE BOX NYC, is a New York domestic business corporation, organized under the laws of the State of New York with principal executive offices located at 186 Franklin Street, New York, NY 10013.

9. Upon information and belief, Defendants DANA DADUSH and INBAL BAR HORNIK are the owners of ROSEBOX LLC d/b/a ROSE BOX NYC.

10. Upon information and belief, Defendants DANA DADUSH and INBAL BAR HORNIK are agents of ROSEBOX LLC d/b/a ROSE BOX NYC.

11. Upon information and belief, Defendants DANA DADUSH and INBAL BAR HORNIK are responsible for overseeing the daily operations of ROSEBOX LLC d/b/a ROSE BOX NYC.

12. Upon information and belief, DANA DADUSH and INBAL BAR HORNIK have power and authority over all the final personnel decisions of ROSEBOX LLC d/b/a ROSE BOX NYC.

13. Upon information and belief, DANA DADUSH and INBAL BAR HORNIK have the power and authority over all final payroll decisions of ROSEBOX LLC d/b/a ROSE BOX NYC., including the Plaintiff.

14. Upon information and belief, DANA DADUSH and INBAL BAR have the exclusive final power to hire the employees of ROSEBOX LLC d/b/a ROSE BOX NYC., including the Plaintiff.

15. Upon information and belief, DANA DADUSH and INBAL BAR HORNIK have exclusive final power over the firing and terminating of the employees of ROSEBOX LLC d/b/a ROSE BOX NYC., including Plaintiff.
16. Upon information and belief, DANA DADUSH and INBAL BAR are responsible for determining, establishing, and paying the wages of all employees of ROSEBOX LLC d/b/a ROSE BOX NYC., including the Plaintiff, setting his work schedules, and maintaining all their employment records of the business.
17. Accordingly, at all relevant times hereto, Defendants DANA DADUSH and INBAL BAR HORNIK were Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.
18. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that ROSEBOX LLC d/b/a ROSE BOX NYC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

19. Plaintiff LILY ANDREINA SOSA MARQUEZ was employed by ROSEBOX LLC d/b/a ROSE BOX NYC as a florist and customer service worker while performing related miscellaneous duties for the Defendants, from in or around October 2021 until in or around August 2022.
20. Plaintiff LILY ANDREINA SOSA MARQUEZ regularly worked seven (7) days per week during her employment with the Defendants.
21. Plaintiff LILY ANDREINA SOSA MARQUEZ regularly worked a schedule of shifts beginning at approximately 9:00 a.m. each workday and regularly ending at approximately 6:00 p.m. or later, every Monday to Friday and from 10:00 a.m. each workday and regularly ending at approximately 6:00 p.m., or later, every Saturday and Sunday from in or around October 2021 until in or around August 2022.

22. Thus, Plaintiff was regularly required to work approximately sixty-one (61) hours or more hours each week from in or around October 2021 until in or around August 2022.

23. Plaintiff LILY ANDREINA SOSA MARQUEZ was paid by Defendants a flat hourly rate of approximately:

    i.  $15.00 per hour from in or around October 2021 until in or around December 2021; and

    ii. $18.00 per hour from in or around January 2022 until in or around August 2022.

24. Although Plaintiff regularly worked approximately sixty-one (61) hours or more hours each week from in or around October 2021 until in or around August 2022, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

25. Furthermore, Defendants paid Plaintiff LILY ANDREINA SOSA MARQUEZ on a bi-weekly basis, failing to timely pay Plaintiff for her first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

26. Despite being a manual worker, Defendants failed to properly pay Plaintiff her wages within seven calendar days after the end of the week in which these wages were earned.

27. Due to Defendants' late payments, Plaintiff experienced a myriad of financial difficulties specifically in covering her regular expenses such as bills, food, and other expenses.

28. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

29. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

30. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

31. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

32. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

33. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

35. Collective Class: All persons who are or have been employed by the Defendants as florists, customer service workers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

36. Upon information and belief, Defendants employed approximately 10 to 20 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

37. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

38. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.
39. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.
40. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.
41. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
42. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
43. The claims of Plaintiff are typical of the claims of the whole putative class.
44. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.
45. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

46. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
47. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.
48. At all times relevant to this action, Plaintiff was engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

49. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. Defendants willfully failed to pay Plaintiff's overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

51. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

52. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

54. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

55. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

56. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

57. Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58. Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

59. Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## FOURTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

60. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants failed to provide Plaintiff with wage statements, upon each payment of his wages, as required by NYLL §195(3).

62. Defendants are liable to Plaintiff in the amount of $5,000 together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

63. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

64. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

65. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff's unpaid overtime wages;

c. Awarding Plaintiff's unpaid wages for Defendants' failure to timely pay Plaintiff's wages;

d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:  September 15, 2023
 Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LILY ANDREINA SOSA MARQUEZ, individually and on behalf of all others similarly situated,

                              Plaintiff,

      -against-

ROSEBOX LLC d/b/a ROSE BOX NYC, DANA DADUSH and INBAL BAR HORNIK, as individuals,

                              Defendants,

## COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**Service via Secretary of State:**
**ROSEBOX LLC d/b/a ROSE BOX NYC (DOS ID#5262703)**
260 Madison Avenue, Suite 204, New York, NY 10016

**Via Personal Service:**
**ROSEBOX LLC d/b/a ROSE BOX NYC**
186 Franklin Street, New York, NY 10013

**DANA DADUSH**
186 Franklin Street, New York, NY 10013

**INBAL BAR HORNIK**
186 Franklin Street, New York, NY 10013

10