UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2024
```

**Lily Andreina Sosa Marquez, individually and on behalf of all others similarly situated,**

        **Plaintiff,**

  -against-

**Rosebox LLC et al.,**

        **Defendants.**

**1:23-cv-08171 (SDA)**

<u>ORDER</u>

**STEWART D. AARON, United States Magistrate Judge:**

   This case contains one or more claims arising under the Fair Labor Standards Act. A settlement was reached by the parties at a settlement conference before me on January 17, 2024. The parties thereafter consented to have all proceedings held before me. (ECF No. 23.) On January 24, 2024, the Court entered an Order directing the parties to provide a copy of the settlement agreement to the Court together with a letter explaining why the settlement, including any provision for attorney's fees and costs, is fair, reasonable and adequate under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). (*See* 1/24/24 Order, ECF No. 24.) After reviewing the proposed settlement, the Court entered an Order on March 1, 2024 requiring the parties to file another joint letter addressing the scope of the release. (3/1/24 Order, ECF No. 30.) On March 11, 2024, the parties filed a revised settlement agreement. (*See* Revised Settlement Agmt., ECF No. 31-1.) On March 12, 2024, Plaintiff filed supplemental submissions, including a copy of the Retainer Agreement. (*See* 3/12/24 Letter, ECF No. 33.)

   Having reviewed the revised settlement, the Court finds that it is fair and reasonable, given both the nature and scope of Plaintiffs' claims as well as the risks and expenses involved in

additional litigation. *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). Moreover, the settlement does not implicate any other *Cheeks* concerns, such as overbroad releases or restrictive confidentiality provisions. *See Cheeks*, 796 F.3d at 206.

As part of the settlement, Plaintiffs seek approval of $476.00 in costs and $5,841.33[1] in attorneys' fees, which is one-third of the settlement amount after costs, pursuant to a contingency fee agreement. (*See* 2/28/24 Joint Letter at 5.) "The fairness review required by *Cheeks* 'extends to the reasonableness of attorneys' fees and costs.'" *Almanzar v. Silver Star Properties Corp.*, No. 23-CV-00819 (GWG), 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020)).

The Court finds that the requested attorneys' fees are reasonable. "Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases." *Garay v. Euro Metalsmith*, No. 23-CV-03451 (ARR) (JMW), 2023 WL 8435866, at *6 (E.D.N.Y. Dec. 5, 2023). Moreover, where there is no reason to question the reasonableness of the contingency agreement itself and the fees are "within the range of what FLSA practitioners demand in the marketplace[,]" courts have found attorneys' fees reasonable when they are "consistent with the retainer agreement agreed to by [the] plaintiff." *See Almanzar,* 2023 WL 6979460, at *3; *see also Miller v. United Parcel Serv., Inc.*, No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff."). Here, the Court finds that the

---

[1] The Court notes that the parties' joint letter initially erroneously states the one-third fee amount as $6,317.33, but the summary of fees and expenses correctly states the amount as $5,841.33, which is in fact one-third of the net settlement amount. (*See* 2/28/24 Joint Letter, ECF No. 29, at 4-5.)

contingency fee agreement is reasonable and that the requested fees are consistent with the agreement. (*See* Retainer Agmt., ECF No. 33-1.) Accordingly, the Court approves attorneys' fees in the amount of $5,841.33.

Finally, the Court finds the requested costs to be reasonable. Plaintiffs' attorneys seek costs of $402 in filing fees and $74 in service of process costs (*see* 2/29/24 Joint Letter at 4; *see also* ECF Nos. 33-3 & 33-4), "which are costs that are routinely recoverable in litigation[.]" *Puerto v. Happy Life Home Health Agency Inc.*, No. 23-CV-04915 (GWG), 2023 WL 8258103, at *3 (S.D.N.Y. Nov. 29, 2023) (internal quotation marks and citation omitted).

For these reasons, the Court approves the revised settlement. This action is dismissed with prejudice and without costs except as may be stated in the revised settlement agreement. The Court will retain jurisdiction to enforce the revised settlement agreement. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:	New York, New York
	March 13, 2024

_____
STEWART D. AARON
United States Magistrate Judge